IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALANDO MODESTE,<br><br>               Petitioner,<br>    v.<br><br>WARDEN BIRKHOLZ OF LOMPOC FCI TWO,<br><br>               Respondent. | Case No. 3:25-cv-00199-SLG |

## ORDER ON 28 U.S.C. § 2241 PETITIONS

Before the Court at Docket 1 is a Habeas Corpus Petition Pursuant to 28 U.S.C. Subsection 2241 for Immediate Release from Unwrongful Confinement ("Petition") filed by Alando Modeste ("Petitioner"), a self-represented prisoner currently on home confinement in the District of Alaska.[1] The Court directed service of the Petition on the U.S. Attorney's Office, which responded and moved to dismiss on behalf of Respondent Birkholz, Warden at FCI Lompoc.[2]

Petitioner alleges that Respondent has unlawfully denied him First Step Act ("FSA") time credits that Petitioner earned between the date of his sentencing and the date he arrived at his designated Bureau of Prisons ("BOP") facility. The Court

---

[1] Docket 1. At Docket 4, Petitioner filed a document titled an "Amended Complaint," which appears to be virtually identical to the Petition except that it lacks the exhibits that were attached to the original filing.

[2] Docket 8.

agrees with Petitioner that he was eligible to earn FSA time credits during this period. The fact that Petitioner did not arrive at his designated facility until five months after his placement into BOP custody does not justify Respondent's refusal to consider Petitioner's participation in programming at a different BOP facility for the purpose of calculating Petitioner's earned time credits.

Therefore, Respondent's motion to dismiss is **DENIED** and the Petition is **GRANTED in part** and **DENIED in part**. Respondent is directed to immediately determine whether Petitioner is entitled to an award of additional FSA earned time credits based on his participation in BOP programming prior to his arrival at his designated BOP facility, and to recalculate Petitioner's total earned time credits and release date if he is entitled to any additional credits.

## BACKGROUND

### A. Statutory and Regulatory Background

In December 2018, Congress enacted the FSA.[3] The FSA directs the Attorney General, acting through the BOP, to develop a "risk and needs assessment system" for federal prisoners.[4] The FSA requires that the BOP use this system to evaluate each prisoner's recidivism risk, to classify that risk as "minimum," "low," "medium," or "high," and to assign each prisoner to appropriate recidivism-reduction programming that is based on the prisoner's "specific

---

[3] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[4] 18 U.S.C. § 3632(a).

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 2 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 2 of 20

criminogenic needs."[5]

The FSA created various "incentives and rewards" for prisoners in federal custody to engage with recidivism-reduction programs.[6] One such incentive, codified at 18 U.S.C. § 3632(d)(4), allows eligible prisoners to earn "time credits" by successfully completing "evidence-based recidivism reduction programming" ("EBRRs") or "productive activities" ("PAs") (collectively, "qualifying programming").[7] Under this provision, eligible prisoners "shall earn" at least 10 days of time credits for every 30 days of qualifying programming they successfully complete.[8] The FSA further mandates that a prisoner's earned FSA time credits be "applied toward time in prerelease custody or supervised release."[9] Depending on how earned time credits are applied, they may operate to: (1) "advance the date when the prisoner will be placed in prerelease custody," *i.e.*, home confinement or a residential reentry center;[10] (2) "accelerate the date when the prisoner will leave

---

[5] *Id.* § 3632(a)(1), (3).

[6] *Id.* § 3632(d).

[7] *Id.* § 3632(d)(4)(A), (C). All prisoners except those serving sentences for convictions under certain statutes are eligible to earn FSA time credits. *See id.* § 3632(d)(4)(A), (D).

[8] *Id.* § 3632(d)(4)(A). If the BOP determines that a participating prisoner has a "minimum" or "low" risk of recidivating and this risk has not increased over two consecutive risk assessments, then the prisoner earns an additional 5 days of time credits for every 30 days of successful participation in qualifying programming. *Id.* § 3632(d)(4)(A)(ii).

[9] *Id.* § 3632(d)(4)(C); *see also id.* (further requiring BOP to transfer "eligible prisoners, as determined under [18 U.S.C. §] 3624(g), into prerelease custody or supervised release").

[10] *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 216 (D.N.H. 2023) (internal quotation marks and citations omitted).

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 3 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 3 of 20

BOP custody to start a term of court-imposed supervised release";[11] or (3) reduce the prisoner's term of supervised release.[12]

The only statutory exclusion to eligible prisoners' entitlement to earned time credits for successful completion of qualifying programming is set forth in 18 U.S.C. § 3632(d)(4)(B), which provides as follows:

> A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed—
>
> (i) prior to the date of enactment of this subchapter; or
>
> (ii) during official detention prior to the date that the prisoner's sentence commences under [18 U.S.C. §] 3585(a).

18 U.S.C. § 3585(a), in turn, defines the commencement of a term of imprisonment as "the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

In January 2022, the BOP issued regulations establishing "procedures for the earning and application" of FSA earned time credits.[13] One of those regulations, codified at 28 C.F.R. § 523.42(a), provides that "[a]n eligible inmate

---

[11] *Id.* (citations omitted).

[12] *Gonzalez v. Herrera*, 151 F.4th 1076, 1081 (9th Cir. 2025) (interpreting § 3632(d)(4)(C) to mean that earned time credits in excess of remaining term of imprisonment may be applied to reduce term of supervised release).

[13] 28 C.F.R. § 523.40(a).

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 4 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 4 of 20

begins earning FSA Time Credits after the inmate's term of imprisonment commences." Section 523.42(a) defines the commencement of a term of imprisonment as "the date the inmate arrives or voluntarily surrenders at the designated [BOP] facility where the sentence will be served."

The BOP's regulations also provide that an inmate must be "successfully participating" in qualifying programming in order to earn time credits.[14] "'Successful participation' requires a determination by [BOP] staff that an eligible inmate has participated in the EBRR programs or PAs that the [BOP] has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular EBRR Program or PA."[15]

### B. Facts and Procedural History

On July 17, 2019, a grand jury returned an indictment in the U.S. District Court for the District of Alaska charging Petitioner with multiple federal offenses.[16]

---

[14] *Id.* § 523.41(c)(1).

[15] *Id.* § 523.41(c)(2).

[16] *United States v. Modeste*, Case No. 3:19-cr-00072-TMB-MMS, Docket 2. Based on the same underlying events, Petitioner was also charged with violating the terms of his supervised release in *United States v. Modeste*, Case No. 3:13-cr-00013-TMB, Docket 57. The Court takes judicial notice of the docket records in Petitioner's federal criminal proceedings. *See* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (internal quotation marks and citation omitted)).

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 5 of 20
Case 3:25-cv-00199-SLG   Document 11   Filed 11/10/25   Page 5 of 20

Petitioner ultimately pleaded guilty to two offenses.[17] On August 6, 2024, the District Court sentenced Petitioner to 96 months of imprisonment on each count, to be served concurrently, followed by four years of supervised release.[18] Petitioner was remanded into federal custody following his sentencing hearing.[19] The BOP designated Federal Correctional Institution ("FCI") Lompoc as Petitioner's place of imprisonment.[20]

After his sentencing, Petitioner spent five months in custody awaiting transportation to his designated facility. From October 4, 2024 until January 6, 2025, Petitioner was housed at FCI Victorville, during which time it appears he completed two monthlong educational programs titled "Basic Geography of the United States" and "Being the Best Father You Can," respectively.[21] On January 6, 2025, Petitioner was transferred to FCI Lompoc, where he participated in additional programming.[22] On August 19, 2025, Petitioner was released to home confinement under supervision by the BOP's Seattle Resident Reentry

---

[17] *United States v. Modeste*, Case No. 3:19-cr-00072-TMB-MMS, Docket 340.

[18] *United States v. Modeste*, Case No. 3:19-cr-00072-TMB-MMS, Docket 358. In case number 3:13-00013-TMB, the District Court sentenced Petitioner to 24 months of imprisonment, to run concurrently with the sentence imposed in case number 3:19-cr-00072-TMB-MMS, with no term of supervised release to follow. *United States v. Modeste*, Case No. 3:13-cr-00013-TMB, Docket 139.

[19] *United States v. Modeste*, Case No. 3:19-cr-00072-TMB-MMS, Docket 358 at 2.

[20] Docket 9 at 3, ¶ 9.

[21] Docket 8-3 at 1; Docket 1-1 at 6, 17.

[22] Docket 8-3 at 1; Docket 1-1 at 6.

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 6 of 20
Case 3:25-cv-00199-SLG   Document 11   Filed 11/10/25   Page 6 of 20

Management Office.²³ Petitioner is currently on house arrest at his parents' residence in Anchorage.²⁴ According to the BOP, Petitioner's projected release date is December 7, 2025.²⁵ This projected release date is based on the application of 120 days of FSA time credits that Petitioner earned while at FCI Lompoc.²⁶

On June 27, 2025, Petitioner filed an administrative grievance requesting that the BOP recalculate his FSA earned time credits to reflect his participation in programming at FCI Victorville.²⁷ On July 16, 2025, Respondent denied Petitioner's grievance.²⁸ In a letter responding to the grievance, Respondent explained that Petitioner was not entitled to earned time credits while he was "in transit" from the date of his sentencing until his arrival at his designated facility, FCI Lompoc.²⁹ Thus, Respondent concluded, the BOP's calculation of Petitioner's earned time credits was correct.³⁰

On September 10, 2025, Petitioner filed the instant Petition, challenging

---

²³ Docket 8-3 at 1; Docket 9 at 2, ¶ 3.

²⁴ Docket 1 at 1; Docket 8-1 at 1.

²⁵ Docket 8-1 at 2.

²⁶ Docket 8-2 at 1.

²⁷ Docket 1-1 at 11; Docket 8-4 at 6.

²⁸ Docket 1-1 at 2.

²⁹ Docket 1-1 at 2.

³⁰ Docket 1-1 at 2.

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 7 of 20
Case 3:25-cv-00199-SLG   Document 11   Filed 11/10/25   Page 7 of 20

Respondent's refusal to grant him earned time credits for the two programs he completed at FCI Victorville.[31] Respondent asks the Court to dismiss the Petition on the ground that Petitioner failed to exhaust administrative remedies.[32] In the alternative, Respondent contends the Petition should be denied because Petitioner's claim for habeas relief fails on the merits.[33]

## LEGAL STANDARD

28 U.S.C. § 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'"[34] Pursuant to § 2241, a district court may grant habeas relief to a federal prisoner challenging the "manner, location, or conditions" of their sentence's execution.[35] The BOP's calculation of or decision whether to apply sentencing credit are issues pertaining to the execution of a sentence that a federal prisoner may challenge through § 2241.[36]

---

[31] Docket 1.

[32] Docket 8 at 3–5.

[33] Docket 8 at 5–11.

[34] *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008) (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004)).

[35] *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

[36] *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015) ("A defendant may . . . challenge BOP's calculation [of sentencing credit]—in other words, the execution of the sentence—by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241."); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]" (internal quotation marks omitted) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam))); *Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019) ("Good-time (or earned-time) credits usually shorten an inmate's

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 8 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 8 of 20

## DISCUSSION

### A. The Prudential Exhaustion Requirement is Waived.

The Court begins by addressing Respondent's assertion that the Petition should be dismissed for lack of exhaustion. Federal prisoners must "exhaust [their] available administrative remedies" before seeking habeas relief under § 2241.[37] This exhaustion requirement "is prudential, rather than jurisdictional."[38] "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies.'"[39] But "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[40]

The procedures for exhausting a claim relating to the BOP's implementation of earning and applying FSA time credits are governed by the BOP's administrative

---

sentence. Therefore, when an inmate alleges unlawful deprivation of good-time credits, the relief he seeks is immediate or speedier release from imprisonment and 'his sole federal remedy is a writ of habeas corpus.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))).

[37] *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011) (per curiam).

[38] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[39] *Id.* (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

[40] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 9 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 9 of 20

remedy program.[41] This program consists of four steps: (1) presenting an issue of concern informally to staff;[42] (2) submitting a formal request for administrative remedies to a facility's warden;[43] (3) appealing to the appropriate Regional Director;[44] and (4) appealing to the BOP General Counsel in Washington, D.C.[45] Generally, an inmate must complete these four steps to fully exhaust an administrative complaint.[46]

Although Petitioner completed the first two steps of the BOP's administrative remedy program,[47] he did not appeal Respondent's July 2025 denial of Petitioner's grievance regarding FSA earned time credits. Therefore, Petitioner did not exhaust his administrative remedies before he filed the Petition. Respondent contends that Petitioner's failure to exhaust his administrative remedies warrants

---

[41] *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement No. 5410.01 (Nov. 18, 2022).

[42] 28 C.F.R. § 542.13(a).

[43] *Id.* § 542.14(a), (d).

[44] *Id.* § 542.15(a). The Regional Director must generally provide a response within 30 days of the inmate's appeal; a failure to respond can be construed as a denial of the appeal at this level. *Id.* § 542.18.

[45] *Id.* § 542.15(a). The BOP General Counsel must generally provide a response within 40 days of the inmate's appeal; a failure to respond can likewise be construed as a denial of the appeal at this level. *Id.* § 542.18.

[46] *See Fraley v. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (determining that petitioner did not exhaust administrative remedies because she failed to appeal to Regional Director and General Counsel).

[47] Docket 1-1 at 5, 11.

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 10 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 10 of 20

dismissal of the Petition.[48]  Petitioner acknowledges that he did not exhaust administrative remedies, but suggests that pursuing further administrative review would be futile because his claim directly challenges the validity of a BOP regulation.[49]

Under the circumstances of this case, the Court finds it appropriate to waive the prudential exhaustion requirement.  Petitioner's claim for relief is premised on his allegation that a BOP regulation conflicts with Congress's mandate to the BOP in the FSA.  Specifically, Petitioner alleges that the BOP has miscalculated his FSA earned time credits based on how it has defined the commencement of a prisoner's term of imprisonment in 28 C.F.R. § 523.42(a).[50]  Respondent's blanket reliance on that regulation in denying Petitioner's grievance, as well as the BOP's defense of the regulation in this and other litigation,[51] demonstrate that requiring Petitioner to pursue further administrative remedies would be futile.[52]  Because the BOP has

---

[48] Docket 8 at 3.

[49] Docket 1 at 2.

[50] Docket 1 at 2.   The Court notes that although Petitioner's allegations focus on a BOP program statement, he is effectively challenging 28 C.F.R. § 523.42(a), the regulation discussed in that program statement.  See U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement No. 5410.01, at 9–10 (Nov. 18, 2022) (citing 28 C.F.R. § 523.42); see also Docket 5 at 1.

[51] See, e.g., Brenneman v. Salmonson, Case No. 5:22-cv-7-RWS-JBB, 2025 WL 957216, at *4 (E.D. Tex. Feb. 25, 2025), report and recommendation adopted, 2025 WL 914352 (E.D. Tex. Mar. 26, 2025); Jackson v. Doerer, Case No. 5:24-01353-ADS, 2024 WL 4719489, at *3 (C.D. Cal. Nov. 7, 2024); Patel v. Barron, Case No. C23-937-KKE, 2023 WL 6311281, at *4–5 (W.D. Wash. Sept. 28, 2023)

[52] See, e.g., Cano v. Birkholtz, Case No. 3:23-cv-1761-JE, 2025 WL 1808983, at *3 (D. Or. July 1, 2025) (excusing exhaustion as futile "[b]ecause BOP's alleged miscalculation stemmed from an application of its own regulation"); Williamson v. Warden, FPC Alderson, Case No. 1:24-cv-

Case No. 3:25-cv-00199-SLG, Modeste v. Warden
Order on § 2241 Petitions
Page 11 of 20
Case 3:25-cv-00199-SLG     Document 11     Filed 11/10/25     Page 11 of 20

adopted a policy position that is categorically inconsistent with Petitioner's requested relief, it would be almost certain to decide against Petitioner in any additional administrative appeal.

In addition, Petitioner is likely to suffer irreparable injury if the exhaustion requirement is not waived. Petitioner's term of incarceration is currently set to expire in about a month, and if Petitioner is correct that he is entitled to additional FSA time credits, his release from BOP custody should occur even sooner. The loss of liberty resulting from any time that Petitioner overserves in custody constitutes irreparable injury.[53] Although any earned time credits that the BOP failed to apply against Petitioner's term of imprisonment could be used to shorten his term of supervised release,[54] such a reduction would not be equivalent to a reduction of the same length in Petitioner's carceral sentence. Dismissal of the Petition for failure to exhaust would accordingly threaten Petitioner's ability to obtain effective relief from any miscalculation of his FSA earned time credits.

---

00348, 2025 WL 2639884, at *3 (S.D.W. Va. July 25, 2025), *report and recommendation adopted*, 2025 WL 2640398 (S.D.W. Va. Sept. 12, 2025) (concluding that exhaustion would have been futile where the BOP was "almost certain to rule adversely based on its policy position" that prisoners are not entitled to earn time credits before arrival at their designated facilities).

[53] *Cf. Martin v. Phillips*, Case No. 2:25-cv-00687-DJC-AC, 2025 WL 732829, at *6 (E.D. Cal. Mar. 7, 2025) ("Every day [Petitioner] is incarcerated rather than serving the final portion of his sentence on prerelease custody or supervised release as mandated by the First Step Act results in irreparable injury; petitioner cannot get back the time he spends incarcerated." (quoting *Ramirez v. Phillips*, Case No. 2:23-cv-02911 KJM JDP, 2023 WL 8878993, at *5 (E.D. Cal. Dec. 22, 2023))).

[54] *See Gonzalez v. Herrera*, 151 F.4th 1076, 1081 (9th Cir. 2025).

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 12 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 12 of 20

The Court therefore waives the prudential exhaustion requirement in this case.

### B. BOP Cannot Rely on 28 C.F.R. § 523.42(a) to Categorically Prohibit Petitioner from Earning FSA Time Credits Before Petitioner's Arrival at FCI Lompoc.

The Court next turns to the merits of Petitioner's claim for relief. Petitioner contends that the BOP improperly deemed him ineligible to earn FSA time credits from the date of his sentencing until the date that he arrived at his "designated facility," which resulted in the denial of time credits that he maintains he should have earned through his participation in programming at FCI Victorville.[55] Petitioner argues that 28 C.F.R. § 523.42(a)—the regulation that dictated Respondent's determination that Petitioner was ineligible to earn time credits while at FCI Victorville— cannot be applied to preclude him from earning FSA time credits that he is eligible to earn them under 18 U.S.C. § 3632(d).[56] Petitioner thus suggests that § 523.42(a) impermissibly conflicts with the FSA.[57] Respondent disagrees, asserting that in issuing § 523.42(a), the BOP acted within its statutory authority to decide when a prisoner is eligible to begin earning FSA time credits.[58]

Petitioner's claim presents an issue of first impression in this District.

---

[55] Docket 1 at 2.

[56] Docket 1 at 2.

[57] Docket 1 at 2.

[58] Docket 8 at 5–11.

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 13 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 13 of 20

However, numerous other federal district courts have addressed the tension between the FSA and the BOP's regulations pertaining to when prisoners can begin earning FSA time credits. Most of those district courts, including several courts within the Ninth Circuit, have rejected the BOP's use of § 523.42(a) or other regulatory provisions to deem a prisoner categorically ineligible to earn FSA time credits during the period between their sentencing and arrival at their designated facility.[59] These courts have generally viewed § 523.42(a) as creating an "additional exclusion" to prisoners' eligibility to earned time credits that is not authorized by the FSA.[60] At the same time, many other district courts, including several courts within the Ninth Circuit, have held that the BOP may lawfully exclude prisoners from earning time credits between their sentencing and arrival at their designated facility.[61] These courts have tended to focus on the interplay between

---

[59] *See, e.g.*, *Patel v. Barron*, Case No. C23-937-KKE, 2023 WL 6311281, at *5 (W.D. Wash. Sept. 28, 2023); *Huihui v. Derr*, Case No. CV 22-00541 JAO-RT, 2023 WL 4086073, at *5 (D. Haw. June 20, 2023); *Jackson v. Doerer*, Case No. 5:24-01353-ADS, 2024 WL 4719489, at *10 (C.D. Cal. Nov. 7, 2024); *Sharma v. Peters*, 756 F. Supp. 3d 1271, 1282–84 (M.D. Ala. 2024); *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 218 (D.N.H. 2023); *Brenneman v. Salmonson*, Case No. 5:22-cv-7-RWS-JBB, 2025 WL 957216, at *7 (E.D. Tex. Feb. 25, 2025), *report and recommendation adopted*, 2025 WL 914352 (E.D. Tex. Mar. 26, 2025); *Gale v. Warden FCI Milan*, Case No. 24-13127, 2025 WL 223870, at *4 (E.D. Mich. Jan. 16, 2025); *Heath v. Knight*, Case No. CV 22-7270 (RMB), 2024 WL 5198863, at *5 (D.N.J. Dec. 23, 2024); *Kvashuk v. Warden, FCI Berlin*, Case No. 23-cv-007-SE, 2024 WL 4349850, at *3–5 (D.N.H. Sept. 30, 2024); *Pelullo v. FCC Coleman-Low*, Case No. 5:23-cv-189-WFJ-PRL, 2024 WL 3771691, at *3–6 (M.D. Fla. Aug. 13, 2024). The Court notes that in some of these cases, the petitioner's claims were analyzed under the more deferential *Chevron* framework that was later overruled by *Loper Bright*.

[60] *Patel*, 2023 WL 6311281, at *5.

[61] *See, e.g.*, *Cano v. Birkholtz*, Case No. 3:23-cv-1761-JE, 2025 WL 1808983, at *2–3 (D. Or. July 1, 2025); *Shemtov v. Birkholz*, Case No. 2:24-cv-10630-SRM-JC, 2025 WL 1490543, at *5 (C.D. Cal. Mar. 13, 2025), *report and recommendation adopted*, 2025 WL 1489545 (C.D. Cal. May 22, 2025); *Williamson v. Warden, FPC Alderson*, Case No. 1:24-cv-00348, 2025 WL 2639884, at *7

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 14 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 14 of 20

the FSA's provisions regarding earned time credits and its mandate for the creation and use of a risk and needs assessment system "whereby programming is matched to prisoners' needs[.]"[62] According to these courts, prisoners may earn FSA time credits only for successfully participating in programming specifically assigned to them following an assessment of their needs.[63] In practice, then, prisoners are prevented from earning time credits until they arrive at their designated facility, because the BOP waits until then to evaluate their needs and make corresponding program assignments.[64]

Having considered this split in authority, the Court finds more persuasive the reasoning of the former category of courts. Because the parties' dispute centers on the BOP's interpretation of the FSA, the Court must review that interpretation

---

(S.D.W. Va. July 25, 2025), *report and recommendation adopted*, 2025 WL 2640398 (S.D.W. Va. Sept. 12, 2025); *Dunlap v. Warden FMC Devens*, Case No. 24-cv-11462-RGS, 2024 WL 5285006, at *7 (D. Mass. Dec. 13, 2024), *report and recommendation adopted*, 2025 WL 35248 (D. Mass. Jan. 6, 2025); *Stinson v. Martinez*, Case No. 2:23-cv-0751, 2024 WL 4969169, at *7 (W.D. La. Nov. 12, 2024), *report and recommendation adopted*, 2024 WL 4965618 (W.D. La. Dec. 3, 2024); *see also Stevens v. Jacquez*, Case No. 3:23-cv-01482-AA, 2024 WL 3200546, at *4–5 (D. Or. June 25, 2024) (holding that although § 523.52(a) conflicts with the FSA, petitioner was not entitled to habeas relief because he failed to show that he had successfully participated in any programming between his sentencing and arrival at his designated facility that might entitle him to earned time credits).

[62] *Dunlap*, 2024 WL 5285006, at *7.

[63] *See id.* ("[I]t would make no sense to mandate a system for identifying and assigning appropriate [evidence-based recidivism reduction] programming (and to link time credits to the successful completion of such programming) if participation in other programming (of whatever description) could earn a prisoner time credits without regard to whether that programming is appropriate to that prisoner's needs.").

[64] Docket 9 at 3, ¶¶ 7–8.

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 15 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 15 of 20

under the framework of *Loper Bright Enterprises v. Raimondo*.[65] As the Supreme Court held in *Loper Bright*, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the [Administrative Procedure Act ("APA")] requires."[66] In conducting this inquiry, courts use "the traditional tools of statutory construction."[67] An agency's reasonable interpretation of a statute may constitute persuasive authority,[68] but courts may not defer to such an interpretation "simply because [the] statute is ambiguous."[69] "When the best reading of a statute is that it delegates discretionary authority to an agency," the reviewing court's role is "to independently interpret the statute and effectuate the will of Congress subject to constitutional limits."[70] "The court fulfills that role by recognizing constitutional delegations, 'fix[ing] the boundaries of [the] delegated authority,' and ensuring the agency has engaged in 'reasoned decisionmaking' within those boundaries."[71]

---

[65] 603 U.S. 369 (2024).

[66] *Id.* at 412; *see also* 5 U.S.C. § 706 (requiring reviewing courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

[67] *Loper Bright*, 603 U.S. at 403.

[68] *Id.* at 394 (observing that "[s]uch interpretations 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the APA" (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944))).

[69] *Id.* at 413.

[70] *Id.* at 395.

[71] *Id.* (first quoting Henry P. Monaghan, Marbury *and the Administrative State*, 83 COLUM. L. REV.

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 16 of 20
Case 3:25-cv-00199-SLG     Document 11     Filed 11/10/25     Page 16 of 20

In this Court's view, the BOP cannot lawfully use § 523.42(a) to impose an additional eligibility requirement for earning time credits beyond those requirements contained in the FSA. Those requirements are unambiguous. When a prisoner is otherwise eligible to earn time credits for successfully completing EBRRs or PAs, as Petitioner was in this case, § 3632(d)(4)(B) provides that earned time credits are unavailable in only two situations: (1) when the programming was completed before the FSA was enacted; and (2) "during official detention prior to the date that the prisoner's sentence commences under [18 U.S.C. §] 3585(a)." Under § 3585(a), a prisoner's sentence commences on the date they are "received in custody awaiting transportation to" their designated facility. By redefining when a prisoner's sentence "commences" in a way that further restricts when an otherwise eligible prisoner may begin to earn FSA time credits, § 523.42(a) creates an "additional exclusion to general eligibility not found in the FSA's unambiguous eligibility provisions."[72] Unlike § 523.42(a), "[t]he FSA . . . does not tie a prisoner's eligibility to any specific BOP facility."[73] The Court therefore concludes that the BOP has incorrectly interpreted § 3632(d)(4)(B) as authorizing the agency to

---

1, 27 (1983), and then quoting *Michigan v. EPA*, 576 U.S. 743, 750 (2015)).

[72] *Pelullo v. FCC Coleman-Low*, Case No. 5:23-cv-189-WFJ-PRL, 2024 WL 3771691, at *4 (M.D. Fla. Aug. 13, 2024) (citing *Patel v. Barron*, Case No. C23-937-KKE, 2023 WL 6311281, at *5 (W.D. Wash. Sept. 28, 2023); *Huihui v. Derr*, Case No. CV 22-00541 JAO-RT, 2023 WL 4086073, at *5 (D. Haw. June 20, 2023); *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 218 (D.N.H. 2023)).

[73] *Pelullo*, 2024 WL 3771691, at *5.

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 17 of 20
Case 3:25-cv-00199-SLG    Document 11    Filed 11/10/25    Page 17 of 20

decide that an inmate becomes eligible to earn FSA time credits only after the inmate arrives at the facility BOP designated for that inmate.[74]

Because Respondent offers no other justification for the BOP's decision to deny Petitioner earned time credits for his participation in programming at FCI Victorville, and because the Court finds that Petitioner has produced evidence adequate to show that he may be entitled to an award of additional time credits based on that participation,[75] the Court denies Respondent's motion to dismiss and grants in part and denies in part the Petition. Under these circumstances, Petitioner's request for immediate release from home confinement is denied because the Court is unable to determine Petitioner's proper release date. The record does not establish whether, if not for the BOP's improper application of § 523.42(a), Petitioner is in fact owed FSA time credits for participating in "Basic Geography of the United States" or "Being the Best Father You Can" at FCI Victorville. Thus, Respondent is directed to first determine whether those programs were sufficiently related to Petitioner's subsequently assessed needs

---

[74] The Court is not persuaded by Respondent's suggestion that the BOP's decision to wait to conduct an individualized risk and needs assessment until prisoners arrive at their designated facility necessarily means that prisoners cannot receive time credits for participation in EBRRs or PAs prior to their assessment. *See* Docket 8 at 8; *see also Kvashuk v. Warden, FCI Berlin*, Case No. 23-cv-007-SE, 2024 WL 4349850, at *5 (D.N.H. Sept. 30, 2024) (rejecting respondent's argument about "practical problems" associated with awarding earned time credits for programs prisoners complete before their arrival at designated facilities, observing that petitioner had "spent the entire post-sentencing period in BOP facilities," and the BOP had access to records of petitioner's program participation and partial assessment of his needs conducted before his arrival at designated facility).

[75] *See* Docket 1-1 at 6.

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 18 of 20
Case 3:25-cv-00199-SLG   Document 11   Filed 11/10/25   Page 18 of 20

and whether Petitioner should have earned FSA time credits for "successfully participating" in them.[76] Respondent is directed to then recalculate Petitioner's FSA time credits to include any credits earned beginning August 6, 2024, the date Petitioner was sentenced and committed to BOP custody.[77]

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss at Docket 8 is DENIED and the Petitions at Docket 1 and Docket 4 are GRANTED in part and DENIED in part as follows: **On or before November 14, 2025**, Respondent shall

(1) determine whether Petitioner is entitled to additional FSA time credits for having "successfully participated" in programming while housed at FCI

---

[76] *See* 28 C.F.R. § 523.41(c)(1)–(2) ("An eligible inmate must be 'successfully participating' in EBRR Programs or PAs to earn FSA Time Credits for those EBRR Programs or PAs. 'Successful participation' requires a determination by Bureau staff that an eligible inmate has participated in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular EBRR Program or PA.").

[77] *See Kvashuk*, 2024 WL 4389850, at *5-6 (recognizing dispute as to whether programs "were the type that could have yielded time credits if not for the BOP's failure to include th[e] [relevant] time period in calculating [petitioner's] credits[,]" and ordering respondent to recalculate petitioner's earned time credits using date of sentencing as starting point for eligibility); *Pelullo*, 2024 WL 3771691, at *5 (ordering BOP to "make an individualized determination concerning whether Petitioner participated in BOP [programming] based on his individualized risk and needs assessment, and whether he complied with the requirements of each particular EBRR Program or PA" and "then recalculate Petitioner's time credits accordingly, if appropriate"); *Gale v. Warden FCI Milan*, Case No. 24-13127, 2025 WL 223870, at *4 (E.D. Mich. Jan. 16, 2025) (ordering respondent to recalculate petitioner's FSA time credits "to include his eligibility for such credits beginning on . . . the date [petitioner] was sentenced and committed to BOP custody"); *Sharma v. Peters*, 756 F. Supp. 3d 1271, 1284–85 (M.D. Ala. 2024) ("[T]he BOP should calculate the FSA time credits Sharma has earned and continues to accrue and calculate and apply them in accordance with the applicable statutory requirements. Specifically, the BOP should consider whether Sharma met the specific requirements for EBRR programming and PAs under 18 U.S.C.§ 3632(d)(4) during the challenged disallowed periods and then recalculate Sharma's time credits, if appropriate.").

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 19 of 20
Case 3:25-cv-00199-SLG   Document 11   Filed 11/10/25   Page 19 of 20

Victorville that was consistent with Petitioner's individualized needs assessment conducted after his arrival at FCI Lompoc;

(2) recalculate Petitioner's FSA time credits to include any credits earned beginning August 6, 2024; and

(3) file a notice in this Court verifying that Respondent took the aforementioned action and reporting whether Petitioner has additional FSA time credits and a modified proposed release date.

DATED this 10th day of November, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00199-SLG, *Modeste v. Warden*
Order on § 2241 Petitions
Page 20 of 20
Case 3:25-cv-00199-SLG   Document 11   Filed 11/10/25   Page 20 of 20